UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Shelly R. Eaton,<br>Plaintiff,<br><br>v.<br><br>Roof Maxx Technologies, LLC,<br>Defendant. | CASE NO.: 9:23-cv-6861-DCN-SVH<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

1. This suit is brought, and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.* and the U.S. Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621-634.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a. A charge of employment discrimination on basis of age discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

    b. Notice of the Right to Sue was received from the EEOC on or about September 28, 2023.

    c. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Shelly R. Eaton, is a citizen of the State of South Carolina, and resides in Beaufort County, South Carolina.

4. The Defendant, Roof Maxx Technologies, LLC, upon information and belief, is a foreign corporation organized under the laws of the State of Ohio and at all times relevant to this Complaint operated under the laws of the State of South Carolina by conducting business in this judicial district.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 of Title VII and the ADEA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADEA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 of Title VII and the ADEA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about June 15, 2020, the Plaintiff began working for the Defendant as a Dealer Success Strategist, and most recently was employed as a Dealer Success Manager.

11. The Plaintiff was fifty (50) years old at the time of the events hereunder and is an older employee as defined by the ADEA.

12. During the course of her employment, the Plaintiff was subjected to age discrimination by Defendant's CEO, Mike Feasel, through derogatory comments like one of Plaintiff's co-workers would understand better because "she's young."

13. Then, on March 14, 2022, the Defendant terminated Plaintiff's employment to replace her with a younger individual. Any stated reason for the Plaintiff's termination is pretextual in nature.

14. Following Plaintiff's termination, the Defendant did, in fact, hire a younger employee (under 40 years old), with less experience, to assume the Plaintiff's role and responsibilities.

15. Such acts constitute a violation of the ADEA.

16. It was the duty of Defendant, by and through its agents, servants and employees, to prevent such acts of discriminatory behavior from occurring, but the Defendant failed to do so.

## FOR A FIRST CAUSE OF ACTION
### Violation of the Age Discrimination in Employment Act

17. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

18. The Plaintiff was a member of a protected group on the basis of her age. At the time of her termination, she was an individual over forty (40) years old who was discharged from her position due to her age in violation of the ADEA.

19. Further, the Defendant was wanton and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ the Plaintiff due to her age;

    b.  In terminating the Plaintiff due to her age;

    c.  In showing preferential treatment to those under the age of forty (40);

    d.  By hiring and replacing the Plaintiff with an individual under the age of forty (40) who was less qualified or had less experience; and

    e.  In other particulars which discovery may show.

20. The Defendant therefore violated the ADEA by allowing the discrimination to exist in the workplace.

21. The Plaintiff's age was a determining factor in the discrimination perpetrated against her. But for the Plaintiff's age, she would not have been terminated.

22. As a direct and proximate result of these acts and practices of the Defendant, the Plaintiff has suffered and continues to suffer from loss of income, loss of benefits, disgust, humiliation, embarrassment, shock and indignity, and other past and future losses.

### **REQUEST FOR RELIEF**

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

    WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against Defendant for back pay and all lost or diminished benefits such to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and other benefits such to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for compensatory damages;

5. Judgment in favor of the Plaintiff and against Defendant for prejudgment interest, costs and attorney's fees as may be allowed by law;

5. Judgment in favor of the Plaintiff and against Defendant for any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

<u>s/Emily Hanewicz Tong</u>
Emily Hanewicz Tong (Fed. ID# 12177)
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
Telephone: (843) 553-9800
Facsimile: (843) 203-1496
Email: ehtong@wiggerlawfirm.com
Attorney for the Plaintiff

North Charleston, South Carolina
December 22, 2023.